**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:20-cv-01806-RM

HONGWEI YANG,

    Plaintiff,

v.

CHAD WOLF, Acting Secretary of the United States Department of Homeland Security,
JOHN FABBRICATORE, Denver Field Office Director, United States Immigration and Customs Enforcement,
JOHNNY CHOATE, Warden, Aurora Contract Detention Facility, and
ELIZABETH MCGRAIL, Immigration Judge, Presiding at Immigration Court at Aurora Detention Center,

    Defendants.

---

## ORDER

---

This matter is before the Court on Plaintiff's Emergency Motion for Release (ECF No. 1). Plaintiff proceeds pro se in this matter, and therefore the Court liberally construes his pleadings. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff states that he has been detained at the Immigration and Customs Enforcement's detention facility in Aurora since November 2018. In his emergency motion, he seeks release from custody "to abate the imminent harm of COVID-19." (ECF No. 1 at 24.) The emergency motion, which names only Defendants Wolf and Fabrricatore, was filed before Plaintiff filed his complaint. At the Court's direction, Plaintiff has now filed a complaint (ECF No. 9), and the Court can rule on the emergency motion. For the reasons below, the motion is denied without prejudice.

The complaint purports to assert five claims for relief. In the first three claims, Plaintiff appears to argue that, due to the risk posed by the COVID-19 pandemic, the conditions of his confinement violate the Eighth Amendment. In the fourth claim, he appears to argue that the immigration judge who denied his asylum application erred. And in the fifth claim, he appears to argue that unnamed immigration authorities misused his photograph.

Because Plaintiff's emergency motion seeks his immediate release, it could be construed as a habeas petition under 28 U.S.C. § 2241. In that case, however, his petition would fail because, in this circuit, challenges to the conditions of confinement must be brough as civil rights actions. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). Further, even if Plaintiff should prevail on his other claims, he has not shown that his release would be the appropriate remedy. Accordingly, the Court finds Plaintiff has failed to establish a basis for relief under § 2241.

Alternatively, Plaintiff's emergency motion could be construed as a motion for a preliminary injunction or temporary restraining order. To prevail on such a motion, a plaintiff must show, inter alia, a likelihood of success on the merits of an underlying claim. *See Diné Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016). But Plaintiff's complaint and emergency motion are not supported by affidavits or any other supporting evidence beyond Plaintiff's statements. Moreover, Plaintiff fails to provide an explanation for why he is being detained in the first place. To the extent he alleges that

Defendants have engaged in unconstitutional conduct, again, he has not shown that his release would be the appropriate remedy.[1]

Therefore, Plaintiff's emergency motion (ECF No. 1) is DENIED WITHOUT PREJUDICE.

DATED this 24th day of July, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[1] In this case, the Court notes that the motion for emergency relief is largely a copy of such a motion filed in *Fraihat v. U.S. Immigration & Customs Enf't*, No. EDCF 19-1546 JGB (SHKx), 2020 WL 1932570 (C.D. Cal. Apr. 20, 2020) (granting preliminary injunction because of risk posed to immigration detainees by COVID-19). As such, its disconnect from the complaint is not surprising. Moreover, the Court notes that improvement of the conditions of confinement—not automatic release—was the primary relief sought in the California case.