IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-01806-RM-KMT

HONGWEI YANG,

    Plaintiff,

v.

CHAD WOLF, Acting Secretary of the United States Department of Homeland Security,
JOHN FABBRICATORE, Denver Field Office Director, United States Immigration and Customs Enforcement,
JOHNNY CHOATE, Warden, Aurora Contract Detention Facility, and
ELIZABETH MCGRAIL, Immigration Judge, Presiding at Immigration Court at Aurora Detention Center,

    Defendants.

---

**ORDER DENYING PRELIMINARY INJUNCTION**

---

This matter is before the Court on "Plaintiff's emergency injunction for release because he has got COVID-19 infected" (ECF No. 40), which the Court construes has a motion for a preliminary injunction.[1] Defendants have filed a response to the motion (ECF No. 41). For the reasons below, the motion is denied.

**I.     LEGAL STANDARD**

To obtain injunctive relief, the plaintiff must establish "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing

---

[1] Plaintiff proceeds pro se in this matter, and therefore the Court liberally construes his pleadings. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

party; and (4) that the injunction, if issued, will not adversely affect the public interest." *Diné Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quotation omitted). Because a preliminary injunction is an extraordinary remedy, the plaintiff's right to relief must be clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). The fundamental purpose of preliminary injunctive relief is to preserve the relative positions of the parties until a trial on the merits can be held. *Id.*

## II. BACKGROUND

Plaintiff is being detained at the Immigration and Customs Enforcement's detention facility in Aurora, Colorado. In his complaint, he asserts five claims for relief. In the first three claims, he appears to argue that, due to the risk posed by the COVID-19 pandemic, the conditions of his confinement violate the Eighth Amendment. In the fourth claim, he appears to argue that the immigration judge who denied his asylum application erred. And in the fifth claim, he appears to argue that unnamed immigration authorities misused his photograph.

In his current motion, Plaintiff requests immediate release because he tested positive for COVID-19. But according to Defendants, Plaintiff has already recovered from the virus and, having completed a quarantine period in a restricted housing unit, been transferred back to a regular housing dorm. (ECF No. 41 at 8.)

## III. ANALYSIS

As a threshold matter, Plaintiff's complaint and current motion are not supported by affidavits or any other supporting evidence beyond Plaintiff's statements. Moreover, to the extent he alleges that Defendants have engaged in unconstitutional conduct, he has not shown that his release would be the appropriate remedy.

Moving on to the injunction factors, the fact that has contracted (and apparently recovered from) COVID-19 while in detention does not move the needle in his favor on any of his claims, and he has not shown he is likely to succeed on the merits of any claim. Nor has he demonstrated irreparable harm. Given his recovery, the medical care that he received appears to have been adequate. Plaintiff fails to make any specific allegations to the contrary. He also fails to explain in any detail why he would be less likely to suffer serious harm if released from detention. With respect to the last two injunction factors, the Court notes that according to Defendants, Plaintiff pleaded guilty to attempted forcible sexual abuse in Utah. (ECF No. 41 at 2.) Plaintiff has not shown that his harm related to his ongoing detention outweighs the government's interest in enforcing its immigration laws. Nor has he shown that his release would be in the public interest. In short, Plaintiff has not established a clear and unequivocal right to relief.

## IV.   CONCLUSION

Therefore, Plaintiff's motion (ECF No. 40) is DENIED.

DATED this 21st day of December, 2020.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

3